Casey, Ch. J.,
delivered tbe opinion of tbe court:
Tbis is a claim for forty-eight bales of cotton — thirty-eight of upland and ten of sea-island — seized by tbe military at Charleston, sent to New York, and tbe proceeds paid into tbe Treasury of tbe United States.
Tbe claimant proved bis ownership of tbe cotton, bis right to tbe proceeds, and tbat be never gave aid or comfort to tbe rebellion. Tbe weight of evidence satisfies us tbat forty-four of the bales of cotton were upland and only four were sea-island. Tbe petition was filed on tbe 5th June, 1868. Tbe claimant also proved tbat be is a man of color.
Tbe United States resist a recovery on tbe grounds—
1st. Tbat tbe proof of ownership, and tbat the proceeds came into tbe Treasury, is defective.
2d. Tbe proof of loyalty is not complete according to tbe requirements of tbe act of June 25,1868, because it does not show tbat be gave no aid or comfort to persons engaged in tbe rebellion.
3d. Tbat tbe claim was not preferred to tbis court within two years after tbe suppression of tbe rebellion, and it is, therefore, barred by tbe limitation of tbe third section of tbe act of March 12,1863.
Tbe United States moves to strike out tbe deposition of tbe claimant, and also those of Philip M. Doucen and Daniel F. Fleming, who respectively sold to claimant a part of tbe cotton before tbe seizure, tbe proceeds of which are claimed in tbis .case.
. Upon tbis motion tbe court struck out and suppressed tbe deposition of Nelson Anderson, tbe claimant; but overruled tbe motion to suppress tbe depositions of Doucen and Fleming, tbe vendors of tbe cotton, upon tbe grounds and for tbe reasons stated at large in tbe case of Henry Grossmeyer v. The United States, ante, p. 1.
*469 We think tbe ownership and caption of tbe property is well proved. It is matter of record tbat tbe cotton seized by tbe military at Charleston was all turned over to tbe care of Simeon Draper, tbe cotton agent at New York. Tbat tbe cotton was shipped to tbe latter city, sold by Mr. Draper, and tbe net proceeds paid into the Treasury of tbe United States. We have in this record tbe transcript from tbe official record of its receipt by tbe government officers and agents at Charleston. And in tbe absence of proof to tbe contrary, we think that is sufficient.
Upon tbe point of tbe proof of bis loyalty bis caséis similar in all respects to tbat of Edward Fordham. He proved tbat be consistently adhered to tbe United States during tbe rebellion, and gave no aid and comfort to tbe rebellion. And from bis general character for loyalty, and from tbe presumptions arising from tbe race to which be belongs, we infer tbat be gave no aid or comfort to persons engaged in rebellion.
His claim was filed on tbe 5th of June, 1868, within two years after tbe suppression of tbe rebellion, on tbe 20th of August, 1860, as settled in tbe case of Grossmeyer v. The United States, and, therefore, it is not barred by tbe limitation contained in tbe third section of tbe act of March 12, 1863.
It is, therefore, now, to wit, February 22, 1869, considered, adjudged, and decreed by tbe court here, tbat tbe said Nelson Anderson do have and recover of and from tbe United States tbe sum of six thousand, seven hundred and twenty-three dollars and thirty-six cents, ($6,723 36.)